UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE DIAZ,

                       Plaintiff,

     – against –

NYPD OFFICER CORTES, SHIELD NO. 13048,
NYPD OFFICER MATOS, SHIELD NO. 8444,
and THE CITY OF NEW YORK,

                       Defendants.

**ORDER**

12 Civ. 2904 (ER)

---

Ramos, D.J.:

    In this action, Jose Diaz ("Plaintiff" or "Diaz"), proceeding *pro se*, brings suit against the City of New York ("City") and two New York City Police Department officers, Officers Cortes and Matos (together with the City, "Defendants"), alleging claims for violations of his civil rights pursuant to 42 U.S.C. § 1983.  Doc. 2.  For the reasons set forth below, the Court hereby DISMISSES Plaintiff's claims for failure to prosecute, without prejudice.

**I. Background**

    Plaintiff initiated this action on April 12, 2012.  Doc. 2.  After the completion of discovery, the Court granted Defendants leave to file a motion for summary judgment in accordance with the following briefing schedule:  Defendants' opening brief was due by May 5, 2014; Plaintiff's opposition was due by July 11, 2014; and Defendants' reply in support was due by July 25, 2014.  *See* Dkt. No. 12 Civ. 2904 (ER) (Minute Entry 3/21/2014).  On May 5, 2014, Defendants timely filed their motion papers, *see* Docs. 27-30, including the requisite "Notice to *Pro Se* Litigant Who Opposes A Motion For Summary Judgment," which specifies that, pursuant

to Rule 56 of the Federal Rules of Civil Procedure, a possible consequence of Plaintiff's failure to timely respond to Defendants' motion is dismissal of Plaintiff's case.  Doc. 30.

On July 29, 2014, having received from Plaintiff neither an opposition to Defendants' motion for summary judgment nor any correspondence or notice of change of address, the Court issued an order directing Plaintiff to respond to Defendants' summary judgment motion by August 29, 2014 and reminding Plaintiff that failure to prosecute his claim or to comply with the Court's orders might result in dismissal of his case pursuant to Rule 41 of the Federal Rules of Civil Procedure.  Doc. 32.  On September 19, 2014, still having received no opposition papers or correspondence from Plaintiff, the Court issued another order, warning Plaintiff that, pursuant to Rule 41, his action would be dismissed without prejudice for failure to prosecute unless, by October 19, 2014, Plaintiff either (1) filed an opposition to Defendants' motion for summary judgment, or (2) showed cause in writing why a further extension of the time limit for service of his opposition was warranted.  Doc. 33.

## II. Dismissal Without Prejudice Pursuant to Rule 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure states that a defendant may move to dismiss an action or any claim against it "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  Fed R. Civ. P. 41(b).  Unless the dismissal order states otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits.  *Id.*  District courts have discretion to effect dismissal pursuant to Rule 41(b).  *See Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *1 (S.D.N.Y. July 17, 2000) (citing *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)).  The Second Circuit has cautioned, however, that the discretion to dismiss a case under Rule 41(b) should be exercised sparingly and only when the

district judge is "sure of the impotence of lesser sanctions."  *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 665 (2d Cir. 1980); *accord Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

To determine whether to dismiss a case under Rule 41(b) for failure to prosecute, district courts employ a balancing test that considers the following five factors:  (1) the duration of the plaintiff's failures; (2) whether plaintiff has received notice that further delays would result in dismissal; (3) whether defendants are likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike a balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the district judge has adequately assessed the efficacy of lesser sanctions.  *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004); *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999); *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994).

Here, dismissal of Plaintiff's claims without prejudice under Rule 41(b) is warranted.  First, Plaintiff has failed to take any action with respect to his claims during the time period from at least July 9, 2014 to February 9, 2015.[1]  Additionally, as of the date of this opinion, Plaintiff still has not complied with the Court's August 29, 2014 and September 19, 2014 orders directing him to submit his opposition to Defendants' motion for summary judgment.  *See Hibbert*, 2000 WL 977683, at *3 (dismissing claims under Rule 41(b) where more than six months had elapsed after plaintiff's receipt of a proposal to remand); *Chira*, 634 F.2d at 666-67 (noting that plaintiff's failure to take any action for six months justified dismissal under Rule 41(b)).

---

[1] In a letter dated July 28, 2014, Defendants' counsel indicated that, on July 9, 2014, he received a telephone call from Plaintiff inquiring about upcoming conferences in this matter.  During that call, Defendants' counsel informed Plaintiff that his opposition to Defendants' motion for summary judgment was due on July 11, 2014, and Plaintiff indicated that he had never received Defendants' motion papers.  Defendants' counsel advised Plaintiff to request an extension of time from the Court, mailed another copy of their moving papers to Plaintiff on July 10, 2014, and asked Plaintiff to contact Defendants' counsel within one week if he did not receive Defendants' mailing.  The letter states that Defendants' counsel has had no further communication with Plaintiff as of July 28, 2014.  Doc. 31.

Second, Defendants' motion for summary judgment papers, Doc. 30, as well as the Court's August 29, 2014 and September 19, 2014 orders, Docs. 32-33, clearly put Plaintiff on notice that failure to respond to Defendants' motion might result in dismissal of his claims.

Third, prejudice to Defendant can be fairly presumed where, as here, there is a delay of more than six months and Plaintiff has ignored multiple court orders and deadlines without requesting any extension or offering any cause for the delay.  *See Chira*, 634 F.2d at 666-68 (six-month delay caused prejudice); *accord Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42-43 (2d Cir. 1982) (noting that delays supporting dismissals have ranged from a matter of months to a period of years); *but see U.S. ex rel. Drake*, 375 F.3d at 255 (presumption of prejudice is rebuttable) (citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001)).  In this case, dismissal is appropriate because Plaintiff has failed to respond to Defendants' summary judgment motion and failed to respond to the Court's orders.  *See, e.g.*, *Ashley v. City of New York*, No. 02 Civ. 3085 (LAP) (RLE), 2003 WL 1624215, at *2 (S.D.N.Y. Mar. 25, 2003) (dismissing without prejudice *pro se* plaintiff's claims under Rule 41(b) where over a year elapsed since he had filed his complaint and service had not been effectuated).

Fourth, dismissal of Plaintiff's claims without prejudice does not violate his due process rights.  While Plaintiff has had the opportunity to be heard, he has failed to pursue his claims for a period of more than six months or to notify the Court of a change in address.  "It is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts."  *Hibbert*, 2000 WL 977683, at *3.  However, because Plaintiff's delay has not impacted the trial calendar, the Court finds that this factor also supports dismissal without prejudice, as opposed to adjudication on the merits.  *See, e.g.*, *Thrall v. Cent. New York Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010) (dismissal without prejudice would have

served the district court's need to clear its calendar without unduly penalizing a *pro se* litigant for failing to comply with a scheduling order).

Fifth, due to Plaintiff's failure to maintain contact with the Court, dismissal, rather than a further extension of time, is appropriate at this juncture.  "[A]ll litigants, including pro ses, have an obligation to comply with court orders.  When they flout that obligation they, like all litigants, must suffer the consequences of their actions."  *Baba v. Japan Travel Bureau Int'l, Inc.*, 165 F.R.D. 398, 402 (S.D.N.Y. 1996), *aff'd*, 111 F.3d 2 (2d Cir. 1997) (quoting *McDonald v. Head Crim. Court Supervisor Officer*, 850 F.2d 121, 123 (2d Cir. 1988)); *see also Barclay v. Doe*, 207 F. App'x 102, 104 (2d Cir. 2006) (upholding dismissal with prejudice under Rule 41(b) where *pro se* plaintiff defied discovery order).  Policy considerations also militate in favor of dismissal.  As the Second Circuit has recognized, "[d]elays have dangerous ends," and "exhortations of diligence are impotent" unless district judges appropriately wield the power of dismissal.  *Chira*, 634 F.2d at 668.  However, because the Court finds that lesser sanctions than dismissal *with* prejudice are potentially viable, and due to Plaintiff's *pro se* status, Plaintiff's claims will be dismissed *without* prejudice.  *See Lyell Theatre Corp.*, 682 F.2d at 43 (when imposed, the sanction of dismissal under Rule 41(b) "operates as an adjudication upon the merits, but may be without prejudice if so specified by the court imposing it") (internal citation and quotation marks omitted); *LeSane*, 239 F.3d at 209 (observing that Rule 41(b) dismissal with prejudice should be used with caution, because "*pro se* plaintiffs should be granted special leniency regarding procedural matters") (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

## III. Conclusion

For the reasons set forth above, Plaintiff's claims are DISMISSED without prejudice. The Clerk of the Court is respectfully directed to terminate Defendants' motion for summary judgment, Doc. 26, and close the case.

It is SO ORDERED.

Dated:   February 9, 2015
         New York, New York

                                                        _____
                                                        Edgardo Ramos, U.S.D.J.